AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Mark Anthony Int'l SRL et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-07620-PAE |
| Prime Hydration, LLC | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Daniel J. Edeleman, Inc.
200 E Randolph St., Fl 63, Chicago, IL 60601

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment

| Place: Via email to tkolaya@sknlaw.com OR<br>Greenberg Traurig, LLP<br>360 N. Green St., Suite 1300, Chicago, IL 60607 | Date and Time:<br><br>09/12/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/04/2025

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Michael B. Nadler |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Prime Hydration, LLC _____ , who issues or requests this subpoena, are:

Michael B. Nadler, 2 S. Biscayne Blvd., Suite 1600, Miami, FL 33131; mnadler@sknlaw.com / tkolaya@sknlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-07620-PAE

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A
## DEFINITIONS

A.      The definitions as set forth in the Federal Rules of Civil Procedure and Local Rule 26.3 for the United States District Court for the Southern District of New York shall apply.  As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Prime Product" means the sports and energy drink product(s) sold by Prime Hydration, LLC ("Prime Hydration") in the United States to the extent they are described and/or depicted in this lawsuit, including the product and/or its packaging.  (S*ee, by way of example only,* Complaint (Exhibit 1) at ¶¶ 4 (including photo), 13 ("PRIME hydration beverages"), 80 (including photo), Ex. A at 2 (including photo), Ex. D (Dkt. 1-4) at 2 (including photo); Answer (Exhibit 2) at ¶¶ 4, 80; Counterclaims (Exhibit 2) at ¶¶ 13 (photo), 16 ("Prime Hydration's drinks"), 24 (photos in left column), 38 (same), 42 (same), 46 (same), 85 (left side of photo).)

C.      "Data" shall include, but not by way of limitation, maps, charts, graphs, reports, surveys, studies, publications, minutes, statistical compilations, correspondence, memoranda or other documents, information capable of being generated or transmitted by computer as well as information orally supplied.

D.      "Communicate" or "communication" shall have the broad definition in Local Rule 26.3 for the United States District Court for the Southern District of New York.  Without limiting the generality of the foregoing, these terms include all written or oral communications of facts, ideas, inquiries, etc. "Oral communication" includes any utterance heard by any person, electronic device or otherwise.

E.      "Plaintiffs" means Plaintiffs/Counterclaim Defendants Mark Anthony International SRL, Mark Anthony Brands International Unlimited Company, and Mas+ Next Generation Beverage Co. and any or all predecessors-in-interest.

F.      "Mr. Messi" means Crossclaim Defendant Lionel Messi.

G.      "LMGM" means Crossclaim Defendant LMGM, SLU.

H.      "Bolvir" means Crossclaim Defendant Bolvir, LLC.

I.      "The Messi Parties" means Mr. Messi, LMGM and Bolvir, collectively.

J.      "Mark Anthony" means Mark Anthony SRL, Mark Anthony Brands International Unlimited Company, Mas+ Next Generation Beverage Co., their subsidiaries and affiliates, and/or Mr. Messi, individually or collectively, as appropriate.

K.      "You" or "Your" refers to the global communications firm known as Edelman or Daniel J. Edelman Holdings, Inc., and any parents, subsidiaries and affiliates.

L.      "MAS+ Product" means the sports and/or hydration drink products sold under the MAS+ brand (including those described and/or depicted at Complaint (Exhibit 1 at ¶¶ 1 and 22) and Counterclaims (Exhibit 2 at ¶ 84 and 85), including both the product and/or its packaging.

M.      "Prime Trade Dress" means the design elements of the Prime Product identified in Paragraph 22 of the Counterclaims (Exhibit 2), including:

    (i).    highly saturated, and complementary bottle sleeve colors, made in a custom pantone for Prime Hydration;

    (ii).    sleeve that wraps around the bottle, fully covering the bottle (and hiding the liquid inside);

    (iii).    minimalist aesthetic on the sleeve, with no banners, images, or drawings, and with minimal text;

    (iv).    a cap that color-coordinates to the exact custom color of the bottle sleeve, that serves as a continuation of the sleeve, creating a unitary look;

    (v).    the brand name in block lettering in high gloss, oriented vertically on a matte background;

    (vi).    a large logo-to-bottle ratio, with the logo taking up at least 50% of the front face of the bottle; and

2

(vii).    the recitation of the liquid volume of the bottle at the bottom of the label and of the flavor name at the top of the bottle, framing the main logo in an I-shape formation.

N.    "Ms. Bigelow" means Courtney McCraw Bigelow, Partner and co-lead of the Global Client Portfolio at Edelman.

O.    "Ms. Brown" means Georgie Brown, Executive Vice President at Edelman.

P.    "Whalar" means Whalar Limited d/b/a Whalar Group and any parents, subsidiaries and affiliates.

Q.    "VCCP" refers to VCCP USA Inc. and any parents, subsidiaries and affiliates of that entity.

R.    "Denomination" refers to Denomination UK Limited and any parents, subsidiaries and affiliates of that entity.

## INSTRUCTIONS

1.    Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure

2.    The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.    Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.    If any portion of any document is responsive to any Request, the entire document shall be produced.

3

5.     If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.     The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.     That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

b.     That all pages now stapled or fastened together be produced stapled or fastened together; and

c.     That all documents which cannot be legibly copied be produced in their original form.

7.     If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.     date of document;

b.     description of document (i.e., letter, memorandum);

c.     author of document;

d.     signer of document (including entity with which such signer is affiliated);

4

e. recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f. the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g. subject matter of document

h. number of pages;

i. attachments or appendices or enclosures;

j. nature of privilege claimed; and

k. present physical location of document.

In the event that you decline to comply with any or all of the above identification instructions on the grounds that compliance would divulge privileged information, you shall so state and set forth an explanation accordingly.

8. With respect to any document which has been destroyed, identify each document in the manner detailed in paragraph 7 hereof and state the date of destruction, manner of destruction, reason for destruction, person authorizing destruction and person destroying same.

9. With respect to any document which is no longer in your possession, custody or control, identify each document in the manner detailed in paragraph 8 hereof and indicate the present custodian of the same.

10. These Requests are intended to seek documents necessary to Prime's preparation for trial and are not meant to be harassing or burdensome in any way. If you believe that a document Request is vague, ambiguous or unduly burdensome, rather than object, please contact the undersigned counsel and every effort will be made to rephrase the Request to remove the ambiguity or minimize the burden. This rephrasing will be put in a reply letter which may be

5

treated as a modification of the Request, provided that such modification shall not delay the time for your response to the Request.

11.     If, in answering these Requests, you claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous, the interpretation chosen or used in responding to the Request, and the interpretation not chosen or used in responding to the Request.

12.     Each Request herein contemplates production of the entire document without abbreviation, expurgation or redaction.

13.     With respect to any electronically stored information, including e-mail, you shall provide both a hard copy printout of the document, to the extent practicable, as well as an electronic copy of the information in its native format.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**     Documents that record, refer or relate to creation, development and/or efforts relevant to the MÁS+ BY MESSI's brand identity and/or public relations strategy.

**REQUEST NO. 2.**     Documents that record, refer or relate to the relationship between and among You and any of Mark Anthony and/or Crossclaim Defendant Lionel Messi, including all agreements entered into by, between and/or among any of those persons and/or the public relations strategy and/or any crisis management plan or strategy relative to the MAS+ Product and the Prime Product.

**REQUEST NO. 3.**     Documents and Communications concerning any comparisons of, or similarities or differences between, the Prime Product and the MAS+ Product, including with respect to their respective packaging.

**REQUEST NO. 4.**    Documents sufficient to identify the persons at Edelman who assisted with or were otherwise involved with the marketing and/or public relations strategy, as well as any crisis management plan or strategy, for the MAS+ Product.

**REQUEST NO. 5.**    Document and Communications between You and any third parties, including but not limited to retailers, reporters or members of the public, regarding inquires that compare or contrast the MAS+ Product with the Prime Product.

**REQUEST NO. 6.**    Documents and Communications sufficient to identify all categories of work performed by You over the last four years on behalf of or in support of Mark Anthony.

**REQUEST NO. 7.**    Documents sufficient to identify all monies or other compensation You received annually from Mark Anthony over the last four years.

**REQUEST NO. 8.**    Documents sufficient to identify who paid any and all monies or other compensation to You in relation to the MAS+ Product.

**REQUEST NO. 9.**    All Documents and Communications regarding the any management projects, or crisis preparedness plans, with respect to the MAS+ Product, including, but not limited to, all emails, text messages, and instant messaging chats.

**REQUEST NO. 10.**    All Documents and Communications between You and Whalar, between You and VCCP, or between you and Denomination regarding the Mas+ Product.